PETER J. MULDOON, Appellant, *vs.* THE BOARD OF REVIEW
OF DEKALB COUNTY, Appellee.

*Opinion filed April 18, 1912—Rehearing denied June 12, 1912.*

This case is controlled by the decision in *First Congregational
Church* v. *Board of Review, (ante, p. 220.)*

FARMER, J., CARTER, C. J., and VICKERS, J., dissenting.

AUDITOR's certificate of appeal to review the decision
of the board of review of DeKalb county.

CLIFFE & CLIFFE, A. G. KENNEDY, and H. W. Mc-
EWEN, (McGOORTY & POLLOCK, of counsel,) for appellant.

W. H. STEAD, Attorney General, EDWARD M. BURST,
State's Attorney, and CHARLES E. WOODWARD, for ap-
pellee.

Per CURIAM : The board of review of DeKalb county
held that the parish house of the Catholic church in the
city of DeKalb was subject to taxation, and that decision
has been certified to this court for review by the Auditor of
Public Accounts under the provisions of the Revenue act.

The Catholic church is the owner of a tract of land in
the city of DeKalb upon the front of which is located its
church building and upon its rear its parish house. The
latter building is designated as St. Mary's parsonage and
is situated about twenty feet west of the church. It was
built by the voluntary contributions of the members of the
church and the title is held in trust. by the bishop for the
use of the church. It contains fourteen rooms,—seven on
the first and seven on the second floor. The parish priest
lives in the parsonage. He employs a servant, who also
lives in the parsonage. On the first floor there are a kitchen,
dining room, parlor, office, etc., and also a chapel. The
rooms on the second floor are used as sleeping rooms.

This case was tried at the same time as *First Congrega-
tional Church* v. *Board of Review,* (*ante,* p. 220,) in which
an opinion has been filed at this term, and the record in this
case shows that St. Mary's parsonage was used in connec-
tion with the Catholic church of DeKalb by the parish
priest and by members of that church in substantially the
same manner and for the same purposes as the Congrega-
tional parsonage was used by the pastor and members of
that church in said city. In the opinion in that case will
be found set out in full the uses to which the Congrega-
tional parsonage was devoted by the pastor and the con-
gregation, and the question presented here for decision is
the same as the question there presented for decision, viz.,
is said St. Mary's parsonage exempt from taxation? We
are of the opinion that the primary use to which St. Mary's
parsonage is devoted is a home for the parish priest in the
city of DeKalb, and that the other uses to which it is put
by the parish priest and the members of the church do not
convert it into a place exclusively used for religious pur-
poses, and that it is not exempt from taxation. The rea-
soning found in the opinion filed in *First Congregational
Church* v. *Board of Review, supra,* is applicable to the case
at bar, and the conclusions there reached, and the reasons
given in support of such conclusions, and the authorities
there cited, warrant the conclusion that St. Mary's parson-
age is not exempt from taxation.

The decision of the board of review of DeKalb county
will therefore be approved.          *Decision approved.*

FARMER, J., CARTER, C. J., and VICKERS, J. dissenting:

For the reasons given in the dissenting opinion in *First
Congregational Church* v. *Board of Review,* (*ante,* p. 220,)
we dissent from the conclusion herein reached.